IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANTON COLBURN     PETITIONER

v.     No. 1:15CV119-GHD-SAA

WARDEN, ET AL.     RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Anton Colburn for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved [11] to dismiss the petition for failure to exhaust state remedies. The petitioner has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the petition dismissed without prejudice for failure to exhaust state remedies.

### Facts and Procedural Posture

Anton Colburn is currently in the custody of the Mississippi Department of Corrections as a result of two orders filed March 2, 2015, revoking his post-release supervision in Counts I and II of Itawamba County Circuit Court Cause Number CR06-006. The Order in Cause Number CR06-006, Count I, reflects that the court revoked fourteen years of Colburn's post-release supervision and ordered that Colburn serve that term in the custody of the Mississippi Department of Corrections. In Count II, the court revoked Colburn's post-release supervision of twenty years, but suspended Colburn's sentence, on condition of good behavior – and that Colburn be placed on post-release supervision for a period of five years.

Colburn's petition refers to convictions from 2005 and 2006, and the grounds raised in the petition also appear to challenge the Itawamba County revocation orders resulting in his current incarceration. Lee Count Circuit Court records reflect that Colburn was convicted for two charges.

He pled guilty to possession of cocaine greater than 1/10 of a gram and was sentenced by on November 30, 2001, to serve a term of eight years in the custody of the Mississippi Department of Corrections. On October 11, 2006, Colburn was sentenced to serve a term of ten years on a plea of guilty to the charge of possession of cocaine greater than 2 grams but less than 10 grams. He has not filed any motions for post-conviction relief in that court challenging the guilty pleas and sentences discussed above.

In addition, the inmate time computation sheet Colburn attached to his petition for a writ of *habeas corpus* (ECF Doc. 1, pp. 23-24) reflects that he was previously incarcerated with the Mississippi Department of Corrections on sentences imposed by the Itawamba County Circuit Court at the same time he was serving his sentences from the Lee County Circuit Court. Colburn also entered pleas of guilty to three charges in the Itawamba County Circuit Court. On October 6, 2006, Colburn was sentenced to: (1) a term of twenty years in Cause No. CR06-006 Count I on his plea to possession of cocaine greater than 2 grams with the intent to sell, with fourteen (14) years of his sentence suspended; (2) a term of twenty years, suspended, in Cause No. CR06-006, Count II on his plea to possession of marijuana greater than 30 grams with intent; and (3) a term of three years in Cause No. CR-06-007 on his plea to felon in possession of a weapon, with than sentence to run concurrently to the sentence imposed in Count I of Cause No. CR06-006, and Lee County Circuit Court Cause No. CR06-122. Colburn has not filed a motion for post-conviction collateral relief challenging the pleas and sentences discussed above.

## Exhaustion

The State interpreted Colburn's claim in multiple ways involving different convictions; however, the court finds that the most natural reading is a challenge to the revocation of his parole in

Itawamba County Circuit Court – a claim for which he has not exhausted state court remedies. Under 28 U.S.C. § 2254(b)(1), a prisoner seeking *habeas corpus* relief must first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> > (A) the applicant has exhausted the state remedies available in the courts of the State; or
> >
> > (B) (i) there is an absence of available State corrective process; or
> > (ii) circumstances exist that render such process ineffective to protect the rights of the appellant
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal habeas petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine gives "the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

Colburn may seek relief in state court under the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated, §§ 99-39-1, *et seq.*, which provides that:

> (1) Any prisoner in custody under sentence of a court of record of the State of Mississippi who claims:
>
> . . .
>
> (g) That his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody.

As Colburn still has a remedy available in state court, the instant petition for a writ of *habeas corpus* must be dismissed for failure to exhaust state remedies. The court cautions Colburn that the one-year federal *habeas corpus* limitations period has been running during the pendency of this federal petition, and he needs to move with diligence to ensure that he exhausts state remedies prior to the expiration of the federal *habeas corpus* deadline. *See* 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 12th day of May, 2016.

/s/ Sharion Aycock
SENIOR JUDGE